**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **IKNOOR SINGH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No.  1:14-cv-01906-ABJ** |
| | ) | |
| **JOHN MCHUGH**, in his official capacity as | ) | |
| Secretary of the United States Army, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**JOINT RESPONSE TO COURT'S DECEMBER 22, 2014, MINUTE ORDER**
**REGARDING SCHEDULING**

This Court's Minute Order of December 22, 2014, consolidated Plaintiff's motion for a preliminary injunction with the merits, pursuant to Fed R. Civ. P. 65.  The Court also directed the parties "to confer and to inform the Court by 10:00 a.m. on December 24, 2014, of their joint proposal (or individual proposals, if they cannot agree) for the briefing of dispositive motions." The parties have conferred but were unable to reach an agreement because they disagree regarding discovery.  Accordingly, the parties have set forth their individual proposed schedules for consolidating the merits and preliminary injunctions proceedings.

I.     **PLAINTIFF'S POSITION AND PROPOSED SCHEDULE**

Plaintiff believes that discovery is essential prior to a final decision on the merits of this important case, and the expedited time frame contemplated by the Court would make it difficult to take all the necessary discovery subsequent to briefing and a decision on a motion to dismiss. Plaintiff, therefore, urges the Court to permit discovery to begin immediately.

Contrary to Defendants' statement below, Plaintiff does not seek unlimited discovery. Rather, Plaintiff seeks to take written, oral (deposition), and expert discovery limited to the two issues at the heart of this case: (1) Defendants' asserted reasons for denying Mr. Singh's religious exemption, and (2) similar accommodations granted to others by Defendants, as well as other potentially less restrictive means of achieving the interests asserted by Defendants. Plaintiff proposes the following schedule:

January 8, 2015:       Discovery opens

March 27, 2015:      Discovery closes.

April 15, 2015:       Motion to Dismiss/Motion for Summary Judgment Due

May 1, 2015:       Opposition Briefs Due

May 12, 2015       Reply Briefs Due

As set forth in this proposed schedule, Plaintiff, like Defendant, believes that combining the motion to dismiss and summary judgment briefing would conserve resources expended by this Court and the parties.   However, Plaintiff's ability to develop a record to support his summary judgment motion, and to oppose Defendant's summary judgment motion, should not be prejudiced as a result.  *See Americable Intern., Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274, (D.C. Cir. 1997) (noting that summary judgment "is proper only after the plaintiff has been given adequate time for discovery" and holding that "it was inappropriate for the district court to grant summary judgment without first giving Americable a chance to conduct discovery" on key factual questions) (internal quotation marks omitted); *Feldman v. C.I.A.*, 797 F. Supp. 2d 29, 36 (D.D.C. 2011) ("[T]he plaintiff is entitled to conduct discovery before being required to oppose the defendant's motion for summary judgment."); *Cf.* Minute Order Denying Motion for Protective Order (Doc. 70, Mar. 12, 2010), *Witt v. Dep't of the Air Force*, No. 3:06-cv-05195-

RBL (W.D. Was.) (denying Air Force's motion for protective order to prevent plaintiff's deposition of Reserve service members prior to scheduled summary judgment briefing and trial date in challenge to Don't Ask Don't Tell policy).

Discovery before the resolution of a motion to dismiss is not improper; for example, discovery on a motion for preliminary injunction is not unusual. *See, e.g.,* Advisory Committee Note to Fed. R. Civ. P 26(d)(1) (1993) (early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"). Accordingly, Plaintiff believes the Court should allow discovery to begin promptly in this case, in which Plaintiff's motion for a preliminary injunction remains pending. However, should the Court conclude that there should be no discovery before this Court resolves a motion to dismiss, Plaintiff respectfully requests that the Court enter the following schedule, which would provide for expedited briefing on the motion to dismiss while preserving Plaintiff's right to discovery on the two issues identified above:

January 12, 2015:     Defendant's Motion to Dismiss Due

January 19, 2015:     Plaintiff's Opposition to Motion to Dismiss Due

January 23, 2015:     Defendant's Reply in Support of Motion to Dismiss Due

Week of Jan. 26:     Oral Argument (if this Court requests it)

Thereafter, if the Court Denies Defendants' Motion to Dismiss, upon issuance of the Court's order, oral and expert discovery may begin. Plaintiff should be free to serve discovery requests at any time, with Defendants' obligation to respond delayed until 14 days after a decision denying their Motion to Dismiss. The remaining proposed schedule would proceed as follows:

March 27, 2015:     Discovery closes.

April 15, 2015:        Motion for Summary Judgment Due

May 1, 2015:           Opposition Briefs Due

May 12, 2015           Reply Briefs Due

## II.    DEFENDANTS' POSITION AND PROPOSED SCHEDULE

The Defendants have yet to respond to the complaint and intend to do so by filing a motion that, if granted, will be wholly dispositive of this matter.  Indeed, the parties' dispute centers on a legal question -- whether Defendants' denial of an accommodation violates the Religious Freedom Restoration Act ("RFRA") because it is not a narrowly tailored application of a compelling governmental interest.

During the parties' discussions on a proposed schedule, counsel for Plaintiff noted that Plaintiff's position is that full discovery, to include depositions, written discovery, document requests, and expert witnesses, is needed prior to briefing in this case.  Defendants do not agree with Plaintiff's position that full discovery is necessary.  Discovery is inappropriate while the Court considers Defendants' threshold dispositive motion. *See e.g. Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending").  The Army G-1 issued a decision that fully addressed Plaintiff's request for a religious accommodation and that decision presented in detail the basis of the Army's determination that an accommodation could not be granted to Plaintiff.  Accordingly, Defendants respectfully request that the Court enter the following schedule to govern their threshold dispositive motion and not allow general discovery on this legal dispute:

Defendants' Motion to Dismiss/
Motion for Summary Judgment                                February 20, 2015

Plaintiff's Opposition and Cross

| | |
|---|---|
| Motion for Summary Judgment | March 23, 2015 |
| Defendant's Opposition and Reply | April 20, 2015 |
| Plaintiff's Reply | May 4, 2015 |

If Plaintiff contends that some limited discovery should be allowed before the Court considers Defendants' dispositive motion, Plaintiff should be first required to present specific justification for such discovery, *c.f.* Fed. R. Civ. P. 56(d), and any discovery allowed by the Court should be narrowly tailored to specific purposes that Plaintiff identifies in advance, by motion. This is especially so because Plaintiff appears to seek full discovery on an abbreviated basis from high ranking military officers and conceivably as-of-yet undisclosed expert witnesses on military affairs. To the extent limited discovery of documents relevant to the G-1's decision may be deemed appropriate, such discovery could take place in the intervening period before Defendants file a motion to dismiss and motion for summary judgment, as proposed on February 20, 2015.

Respectfully submitted,

/s/ Heather L. Weaver
Heather L. Weaver (D.C. Bar No. 495582)
Daniel Mach (D.C. Bar No. 461652)
American Civil Liberties Union Foundation
915 15th Street, NW, Suite 600
Washington, DC 20005
Tel. (202) 675-2330
Fax. (202) 546-0738
*dmach@aclu.org*
*hweaver@aclu.org*

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union of the Nation's Capital
4301 Connecticut Avenue, NW, Suite 434
Washington, DC 20008
Tel. (202) 457-0800

Fax. (202) 457-0805
*artspitzer@aclu-nca.org*

Manmeet Singh Mehendiratta
UNITED SIKHS
JAF POB 7203
New York, NY 10116
Tel. (646) 315-3909
Fax. (866) 657-6206
*manmeet.singh@unitedsikhs.org*

*Attorneys for Plaintiff*

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092 Chief, Civil
Division

BY: _____/s/_____
WAYNE H. WILLIAMS
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-2574
wayne.williams@usdoj.gov

*Attorneys for Defendants*

December 24, 2014